FILED
SUPERIOR COURT
OF GUAM

2025 FEB -7 PM 3: 33

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| ERIC ADA BAZA,<br><br>Plaintiff,<br><br>vs.<br><br>GINA MARIE P. BAZA,<br><br>Defendant. | DOMESTIC CASE NO. DM0159-17<br><br>**DECISION AND ORDER**<br>*Re: Ex Parte Application for an Order to Show Cause Why Plaintiff Should Not Be Held in Contempt* |

This matter came before the Honorable Arthur R. Barcinas on November 8, 2024, for a hearing upon Plaintiff's *Ex Parte* Application for an Order to Show Cause Why Plaintiff Should Not Be Held in Contempt ("Application") filed June 12, 2024. Plaintiff Eric Ada Baza ("Plaintiff") was present with counsel, Attorney Catherine Bejerana-Camacho. Defendant Gina Marie P. Baza ("Defendant") was also present via Zoom with counsel, Attorney Edward Park. Having reviewed the pleadings and arguments in this matter, the Court issues the following Decision and Order.

**BACKGROUND**

On June 21, 2018, the Court entered an Interlocutory Decree of Divorce and the Final Decree of Divorce, incorporating the terms of the Marital Settlement Agreement ("Agreement") entered into by the parties on May 2, 2018. Pursuant to the Agreement, the parties would have joint legal and physical custody of the parties' minor child on a weekly rotation. The parties

maintained physical joint custody from 2018 until 2022. On July 2022, Defendant permanently relocated from Guam.

On June 12, 2024, Defendant filed the Application, alleging that Plaintiff had unjustifiably deprived her of custody over the parties' minor child. Defendant further alleged that she was only briefly back on island from Arizona and would leave Guam on July 12, 2024, giving her limited time to spend with the child. Defendant alleged that she had attempted to meet and communicate with the child as agreed in the Agreement, but that Plaintiff had interfered with her doing so, allegedly claiming that the child did not want to see or talk to Defendant.

Defendant further alleged that Plaintiff confiscated a cell phone which Defendant gave the child before she left island in July 2022 and has only allowed Defendant to communicate with the child through Plaintiff's personal cell phone. Defendant argues that, in or about 2023, she had not allowed her "uninterrupted physical custody of thirty (30) days" stipulated by the Agreement but only saw the child at the mall for approximately five (5) minutes, at which the child allegedly expressed her intent to retain a loving relationship with Defendant. App., at 4. Defendant alleges that, on or about May 2024, she met the child again in-person while Plaintiff and his new wife were present. Based on the above, Defendant requests that Plaintiff be held in contempt of court for violating the custody order by allegedly preventing her from having her entitled time with the child.

On August 29, 2024, Plaintiff filed an Opposition to the Application, alleging that he and his new wife have encouraged the child to continue communicating with and having a relationship with Defendant, but that Defendant has made it difficult to communicate. Plaintiff asserts that he did not unilaterally confiscate the child's cell phone, but that he and Defendant

both agreed to take away the phone after the child fell victim to an online predator in 2022; however, the child was allowed to use devices like an iPad and laptop to communicate with Defendant.

Plaintiff asserts that, in spite of his encouragement for the child to talk to Defendant, the child refused to talk to Defendant, and that when Defendant called the child at school through a teacher's phone, it caused great stress to the child. Plaintiff further asserts that, in May 2023, Defendant returned to Guam without informing Plaintiff or the child, and surprised the child at school, which allegedly also caused the child great stress and anxiety.

Plaintiff also asserts that, in May 2024, Defendant again returned to Guam without notice and demanded thirty (30) uninterrupted days of physical custody, which Plaintiff asserts was not possible due to a conflict with Plaintiff's pre-planned family trip. Plaintiff alleges that he did arrange time for the child to meet with Defendant, but that the child did not want to be left alone with Defendant and requested that Plaintiff accompany her. Based on the above, Plaintiff asks the Court to find that he is not in contempt and dismiss the Application.

On November 8, 2024, the Court took the matter under advisement.

### DISCUSSION

Under Guam law, the Court is entitled to exercise its powers of contempt in the event of "[d]isobedience of any lawful judgment, order, or process of the court." *Paul's Guam Inc., v. Superior Court of Guam*, 2020 Guam 30 ¶ 18; 7 GCA § 34101(a)(5). The elements of contempt are generally (1) a valid order; (2) knowledge of the order; (3) ability to comply with the order; and (4) willful failure to comply with the order." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 44. "[A] good faith belief that a party's interpretation of the support order is correct may prevent a finding of willfulness for purposes of establishing contempt." *Id.* ¶ 52. Even a partial attempt to

fulfill the terms of the order may be considered sufficient evidence to demonstrate a lack of willful failure to comply with an order, so long as the party intended to do so. *Id.* ¶¶ 53-55. Contempt not committed in the presence of the Court is prosecuted by notice pursuant to 7 GCA § 34102(b). "Any person found guilty of a contempt of court pursuant to § 34102(b) is subject to the same penalties as a person found guilty of a petty misdemeanor." 7 GCA § 34101(b).

It is undisputed that the child custody order was a valid order that both parties had knowledge of. Thus, the issues to be determined by the Court are whether Plaintiff had the ability to comply with the order, and whether he willfully failed to do so.

Defendant only touches lightly on Plaintiff's ability to comply by reciting the terms of the Agreement, stating that, "[u]nder the agreement, Plaintiff may be unable to regularly rotate the weekly physical custody only when he is constrained by his military assignments." App., at 6. In opposition, Plaintiff asserts that he had the ability to comply, and had attempted to do so in good faith, but that "Defendant's relocation to Arizona, and her other actions, have made it difficult for the parties to follow the court's order." Opp., at 4. Plaintiff further argues that he has encouraged the child to communicate with and have a relationship with Defendant and has attempted to take all reasonable steps to comply with the Court's order, but that the child simply refuses to talk to Defendant when given the opportunity. *Id.* Plaintiff also argues that he has not prevented Defendant from exercising her visitation rights, but that Defendant arrived on Guam in May of 2023 and 2024 unannounced and demanded her thirty (30) days of uninterrupted physical custody, with one such arrival disrupting Plaintiff's family trip plans.

The Court acknowledges Plaintiff's assertions that he has made an effort to facilitate communication between Defendant and the child. However, this does not explain why Plaintiff prevented Defendant from taking custody of the child during May. Pursuant to the terms of the

Agreement, "[e]ach [parent] shall have thirty (30) days of uninterrupted physical custody of the subject minor every summer during the child's vacation break from school. Plaintiff shall have the last thirty (30) days of summer vacation and Defendant shall have the first thirty (30) days of the child's summer vacation." Agreement, at 2. Defendant's announcement of her arrival is not a required term of this transition. If the child's summer vacation had already begun when Defendant arrived, the terms of the Agreement clearly dictate that Defendant is within her rights to have thirty days of uninterrupted physical custody during the first month of the summer.

Regarding Plaintiff's argument that Defendant's demands interrupted their family vacation, the Court finds that Plaintiff bears the greater burden and responsibility for planning a trip with the child during the portion of the summer that was allocated to Defendant by court order. Further, Plaintiff's assertions that the child refused to meet or communicate with Defendant are not a defense to contempt in this case. While custody agreements are typically determined based on the best interests of the child, once the order is issued, courts have determined that "[w]here a child resists court-ordered residential time and where the evidence establishes that a parent either contributes to the child's attitude or fails to make reasonable efforts to require the child to comply with the parenting plan and a court-ordered residential time, such parent may be deemed to have acted in 'bad faith.'" *See In re Marriage of Rideout*, 77 P.3d 1174 (Wa. 2003).

Because Plaintiff has failed to allow Defendant her court-ordered custody time, the Court finds that Plaintiff either has failed to follow the terms of the Agreement or has failed to require the child to comply with the terms of the Agreement. In either case, the Court finds that Plaintiff is in technical contempt of the Court's child custody order.

The Court, having determined that this is the first instance of a technical contempt, finds that the appropriate sanction is a warning to the Plaintiff to comply with the Agreement and the orders of the Court.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff is in contempt but will not impose sentence or a fine upon Plaintiff. The Court instead **ORDERS** that Plaintiff is now on notice that any future willful failure to comply with the terms of the custody order will potentially result in the Court imposing greater sanctions. Each party shall bear their own cost and attorneys' fees.

**IT IS SO ORDERED**     FEB 07 2025     .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**